### H. & A. Maples *vs.* Howe and others, administrators, &c.

Where the widow's dower in the real estate of her deceased husband has been assigned to her previous to the application to the surrogate for a sale of the estate of the decedent, for the payment of his debts, the part assigned to the widow for dower should be sold subject to her life estate therein as tenant in dower.

And where the estate of the decedent consists of an entire farm which the surrogate's order directs to be sold together as one farm, the administrator should sell the whole farm, including the part assigned to the widow for dower; subject to her life estate in that part as tenant in dower.

Where the surrogate's order does not direct a sale upon credit, the administrator should sell for cash; unless all the creditors consent to a sale upon credit.

This was an appeal by two of the creditors of the decedent from an order of the surrogate of the county of Otsego, confirming the sale of a part of the real estate of N. Howe deceased, by his personal representatives.

*J. Rhoades,* for the appellants.

*A. Taber,* for the respondents.

The Chancellor.   I infer from the order of sale that the farm described in that order was all the real estate which the decedent died seised of in Otsego county; and that it was in-

Maples v. Howe.

tended by the order that the whole should be sold together as one farm, subject to the widow's dower which had been assigned to her in a part thereof. And as the whole probably was insufficient to pay the debts, the one-third of the farm which had been assigned to the widow should have been sold with the rest; subject to her life estate in that third as tenant in dower. As the surrogate had not directed the property to be sold on a credit, I do not think the administrators erred in declining to sell in that manner, unless all the creditors who were interested in the fund had thought proper to assent to a sale on credit. To many of them, an immediate payment of a part of their debts would perhaps be more important than the payment of a larger sum at a future time. Where the creditors wish to have the property sold on credit, the most proper course would be to suggest it to the surrogate, at the time of making the order, so that he may inquire into the situation of the property, and the claims of the various creditors, and give the proper directions. Upon the first ground, however, I think the order confirming this sale should be reversed.

And the administrators must be directed to re-advertise the property for sale; giving notice that the whole farm will be sold together in one parcel, subject to the widow's life estate, as tenant in dower, in the part of the premises which has been assigned to her for her dower. And the terms of the sale must be ten per cent in cash, to be paid down at the time the premises are struck off, to be refunded if the sale is not confirmed; and the residue to be paid in cash immediately upon the confirmation of the sale by the surrogate; at which time the administrators are to give the deed.

The taxable costs of both parties upon this appeal are to be paid out of the proceeds of the sale, under the direction of the surrogate. And the proceedings are to be remitted to the surrogate, to carry this decision into effect.